**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YONG TAO ZOU, | No. 12-72643 |
| Petitioner, | Agency No. A078-165-845 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]

Before:      McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Yong Tao Zou, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the

denial of a motion to reopen and review de novo questions of law. *Najmabadi v.*

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Zou's second motion to reopen as untimely and number-barred, because the motion was filed over eight years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Zou failed to present material evidence of changed conditions in China to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 987-91; *Azanor v. Ashcroft*, 364 F.3d 1013, 1022 (9th Cir. 2004) (regulatory exception does not extend to alleged changes in United States asylum law).

Zou's contentions that the BIA ignored arguments, or failed to adequately explain its decision, are not supported. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule, courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

The BIA did not err in treating Zou's challenge to the underlying adverse credibility determination as a motion to reconsider and did not abuse its discretion by denying it as untimely. *See Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005) (BIA may construe motions based on their underlying purpose); 8

C.F.R. § 1003.2(b) (a motion to reconsider must specify errors of law or fact in the BIA's prior decision and be filed within 30 days of that decision). Nor did the BIA err in treating Zou's contentions regarding an alleged change in United States asylum law as a request for sua sponte reopening. *See Mohammed*, 400 F.3d at 793.

To the extent Zou challenges the underlying denial of asylum, withholding of removal, or relief under the Convention Against Torture in the BIA's December 12, 2002 order, we lack jurisdiction to review such a challenge because this petition is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1) (petitions for review must be filed within 30 days of the order).

Finally, we lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen proceedings. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

12-72643